Rose Kelly
vs.    No. 88781.
W. A. Healy Company

January 19, 1933.

CHURCHILL, J. Heard on motion for a new trial filed by the defendant after a verdict for the plaintiff in the sum of $4,000.00 in an action of negligence.

The plaintiff, a single woman between 60 and 70 years of age, was injured in a collision with an automobile operated by the agent of the defendant on the evening of January 23, 1932. The night was stormy and visibility poor. The accident happened near the corner of Arnold and Bentley Streets in Woonsocket. The plaintiff ran a variety store on Arnold Street and on the night in question was going to the store from her residence on Bentley Street. She crossed Arnold Street safely but was struck by the automobile coming on her right at a point near the curb of Arnold Street. The exact position she occupied when struck is in dispute.

The defendant maintains that the plaintiff was guilty of contributory negligence which precludes recovery.

The plaintiff testifies that she was carrying a pail in each hand, that before she stepped off the sidewalk of Arnold Street, to cross over to her store, she put down the pails, stopped and looked up and down Arnold Street, saw no traffic in either direction, and then proceeded to walk across the street. At the time she stepped off the sidewalk into the street, there was no traffic in either direction in her immediate vicinity and the only evidence of any automobile or other vehicle on the street in the vicinity was in respect to defendant's car.

The defendant testified that before the accident, while proceeding down Arnold Street, he stopped at a signal light on High Street. High Street is 200 feet from the south curb of Bentley Street. On the evidence the jury could properly find that when the plaintiff looked before crossing Arnold Street, the defendant's automobile was stopped at the light on High Street. Whether she was negligent in not looking again, when crossing a street apparently clear of traffic, as she started to cross, was a question of fact for the jury.

The case on the question of contributory negligence falls within that class of cases of which *Benoit* vs. *Miller*, 67 Atl. 87, is an example, rather than within the case of *Kalify* vs. *Udin*, 52 R. I. 197.

On the question of negligence there is a square conflict in the testimony. The plaintiff testified that having

crossed Arnold Street, she had one foot on the curb of Arnold Street and was just about to step up with the other foot onto the curb when she was struck by the automobile of the defendant.

The defendant's version of the accident is this: he was demonstrating a new car for a customer and stopped at High Street, waited until the green signal light went on and then drove down Arnold Street on the right hand side near the curb at a rate of speed between 20 and 25 miles an hour. Before the accident happened, he saw a black figure (the plaintiff), enveloped in a shawl, on his right hand side; that this person stepped up onto the sidewalk and, after getting completely onto the sidewalk, fell back in the path of the approaching car and was struck and knocked down by the car. He stopped the car immediately after the accident. He further testified that his windshield was covered with mist outside the area cleaned by the windshield wiper; that he saw the plaintiff crossing the street but kept on going and saw her mount the curbstone, and that he did not slow up after he saw her in the street and did not blow his horn.

The testimony that the plaintiff's head was covered by a cape or shawl was denied by the plaintiff.

Mrs. Healy, wife of the driver of the car, was sitting on the right hand side of her husband. She did not see the plaintiff while the plaintiff was crossing the street, but saw her on the curbstone and saw her fall back into the pathway of the car. The only other passenger in the automobile was sitting on the back seat and did not see the plaintiff until after she was struck.

Manifestly, on this state of the proof, the question of negligence was for the jury and the Court cannot say that the verdict was against the weight of the evidence in this respect.

The defendant also contends that the damages are excessive.

Dr. Flynn was called by the plaintiff at 6 P. M. and found her suffering from a small cut on her face which bled profusely, with her right knee swollen and with a hematoma on her right leg 3 inches in diameter. She was taken to the Woonsocket Hospital two days later and was in bad physical condition with much pain in the lower part of her back, which her physician diagnosed as a severe sprain of the sacro-iliac joint. He was further of the opinion that the lameness was a permanent one and was due to the injury to the joint. She had been treated for arthritis by Dr. Flynn ten years previously, and the injury she had received at the time of the accident in his opinion had aggravated the arthritic condition which existed and caused a condition of lameness which was much more pronounced than before the accident happened. The dizziness to which she testified, he ascribed to arteriosclerosis which had developed prior to the accident.

The testimony of the physician who was called by the defendant and who examined the plaintiff on the day of the trial, was to the effect that her disability and increased lameness were entirely due to her arthritic condition and not to the accident.

She was running a small variety store and this store was closed until July, 1932. At the time of the accident she testified that her gross takings were $12 to $15 a week.

If the jury saw fit, they were entitled to accept the version of the injuries sustained, their character and the prognosis of the case as given by Dr. Flynn. Considered from this standpoint, the verdict is not excessive.

The verdict is supported by the evidence in all respects.

Motion for a new trial is hereby denied.

For plaintiff: Kennedy & Greene.

For defendant: William S. Flynn.